# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ALBERT LUTTERODT § | |
| § | |
| v. § | Civil Action No. 4:17-CV-58 |
| § | (Judge Mazzant/Judge Nowak) |
| JACKSON POTTER, ENVISION REALTY § | |
| GROUP, LLC, EMILY LANE OWNERS § | |
| ASSOCIATION § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 31, 2017, the report of the Magistrate Judge (Dkt. #40) was entered containing proposed findings of fact and recommendations that Defendant Emily Lane Owners Association's Motion to Remand (Dkt. #13), and Defendants Jackson Potter and Envision Realty Group, LLC's Motion to Remand (Dkt. #17) (collectively, the "Motions to Remand") each be granted. Having received the report and recommendation of the Magistrate Judge (Dkt. #40), having considered Plaintiff's request for rehearing (Dkt. #38; Dkt. #41) and stated objections (Dkt. #43) (collectively, "Plaintiff's Objections"), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #40) as the findings and conclusions of the Court.

## BACKGROUND

Plaintiff's suit presents an unusual procedural history, which is relevant to the consideration of Plaintiff's Objections; accordingly, the Court restates herein pertinent portions of the background set forth in the Magistrate Judge's report and recommendation.

This is a civil action originally filed and tried to verdict in state court. Plaintiff Albert Lutterodt filed suit in Dallas County on October 24, 2012. The state trial court case was styled Cause No. DC-12-12648-G; *Albert Lutterodt v. Envison Realty Group, LLC, Jackson Potter and Emily Lane Owners Association*, in the 134th Judicial District Court of Dallas County, Texas (Dkt. #13). Plaintiff owned a Unit in the Emily Lane Condominiums. Jackson Potter was the property manager for the condominiums and Envision Realty Group, LLC was the management company (Dkt. #13). Plaintiff's Original Petition asserts state law claims related to his right to inspect the books and records of Defendant Emily Lane Owners Association ("Association") (Dkt. #1, Petition to Compel Inspection). Defendant Association, Jackson Potter ("Potter") and Envision Realty Group ("Envision Realty") (collectively, "Defendants") answered Plaintiff's suit on November 20, 2012 (Dkt. #1, Answer). Potter and Envison Realty asserted counterclaims against Plaintiff, including a claim for defamation (libel and slander). Plaintiff filed an Amended Petition to Compel Inspection of Books and Records and Request Relief on August 5, 2013 (Dkt. #13, Exhibit 6). A jury trial was conducted; and ultimately, final judgments were entered in favor of Defendants, including a judgment specifically in favor of Potter and Envision Realty on their defamation counterclaim (Dkt. #17, Exhibit 4). After denial of Plaintiff's Motion for New Trial, Plaintiff appealed to the Fifth District Court of Appeals in Dallas, Texas (the "court of appeals"). The court of appeals denied Plaintiff's appeal, affirming the trial court judgment on June 16, 2016 (Dkt. #13, Exhibit 2). The court of appeals' opinion specifically addressed the defamation counterclaim, stating "[i]n his fourth issue, Lutterodt asserts the trial court erred by entering judgment against him for defamation because the evidence establishes that his statements were opinion, true or substantially true, protected by the First Amendment, or were not published" (Dkt. #13, Exhibit 2 at 9). The court of appeals found Plaintiff's fourth issue presented nothing

for its review. Plaintiff thereafter filed a Motion for Rehearing and also a Motion for Rehearing En Banc, each of which were also denied (Dkt. #13, Exhibit 3). Plaintiff next filed a Motion with the Texas Supreme Court requesting an extension to file his Petition for Review. Plaintiff also filed for Chapter 13 Bankruptcy on January 17, 2017 (Dkt. #1, Bankruptcy Notice). On January 25, 2017, Plaintiff proceeded to file the current Notice of Removal to this Court, citing that he requested removal based on violation of his United States constitutional First Amendment Rights (Dkt. #1).

After considering each of the Motions to Remand, and Plaintiff's Response thereto, on March 31, 2017, the Magistrate Judge entered a report and recommendation concluding that Plaintiff could not invoke the right of removal, and that even if he could, Plaintiff's removal of this case was untimely and the Court lacks jurisdiction (Dkt. #40). The Magistrate Judge further concluded that Plaintiff's pending bankruptcy did not preclude remand. On March 30, 2017, Plaintiff requested that the Court reconsider and/or rehear the Motions to Remand (Dkt. #38; Dkt. #41), and, on April 18, 2017, Plaintiff filed objections to the Magistrate Judge's report and recommendation (Dkt. #43).

**PLAINTIFF'S OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). As an initial matter, the Court notes that no party objects to the Magistrate Judge's finding that Plaintiff's pending bankruptcy (and the application of the automatic stay) does not preclude remand in the instant case. As such, the Court adopts the finding of the Magistrate Judge that Plaintiff's bankruptcy does not preclude remand.

In his objections, Plaintiff states generally that he "objects to the remand" (Dkt. #43), and thereafter asserts a series of objections in support of his request to reconsider, such as:

> (1) Counter-Plaintiffs FRAUDULENTLY presented materials and information that are FAKE, FALSE, AND DECEPTIVE. (2) Counter-Plaintiffs lack sufficiency and standing to request or invoke the Court's authority to act or Remand on any basis. (3) Counter-Defendant has the right to exercise his Constitutional First Amendment Rights and Subject-Matter Jurisdiction privileges. Counter-Plaintiffs' remand demand is frivolous. (4) Under Article III of the U.S. Constitution, Federal Courts can hear "ALL Cases, in law and equity, arising under the Constitution and laws of the United States." US Const. Art. III, Sec. 2. The US Supreme Court has interpreted this clause broadly, finding that a Federal Court can hear ANY case in which there is a Federal ingredient.[] (5) For Federal Question Jurisdiction to exist, the requirements of 28 U.S.C. 1331 must also exist. This case meets the requirements. (6) Counter-Plaintiff is NOT a "TRUE-DEFENDANT" – because he sued the Counter-Defendant on a claim that has NOTHING to do with the Original Petition. (7) Federal law completely preempts State law in this case. (8) Under local rules, service of a Complaint is NOT required. The date runs from which the complaint is made available through filing.

Plaintiff also argues that res judicata and the interests of justice and truthfulness estop Defendants from seeking remand (Dkt. #43).

As previously stated, this suit was originally filed in state court, and after trial judgment was granted in favor of Defendants. Following the judgment of the state court, Plaintiff pursued appeal to the court of appeals, and after denial by the court of appeals, Plaintiff made filings with the Texas Supreme Court and also separately instituted a Chapter 13 Bankruptcy proceeding. Only after filing a request for extension of time to file his Petition for Review with the Texas Supreme Court did Plaintiff seek removal to federal court.

In the present case, the Court concludes that the Magistrate Judge's findings and conclusions are correct. Plaintiff's Objections are baseless and without statutory or legal support. The Magistrate Judge correctly found that Plaintiff submitted himself to the jurisdiction of the state court when he filed his Petition in Dallas County in 2012. The assertion by

Defendants of a counterclaim for defamation did not alter this fact. Simply put, Plaintiff is not entitled to and cannot invoke the federal removal statute because he is not a "defendant" as set forth in the statute. 28 U.S.C. § 1441(b). Moreover, Plaintiff's removal was untimely; he removed the case more than four years after the commencement of the original action and no amended pleading filed in the interim made the case removable. The Court also lacks subject matter jurisdiction over this litigation because (1) the parties admittedly are not diverse and the amount in controversy does not meet the jurisdictional limit, and (2) there is no federal question. Plaintiff is incorrect in his blanket assertion that a federal court can hear "ALL Cases, in law and equity, arising under the Constitution and laws of the United States" and/or "ANY case in which there is a Federal ingredient." When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 543, 551 (5th Cir. 2008). The presence of a perceived "federal question" in a defensive argument—such as Plaintiff's defense to Defendants' defamation claim here—cannot transform the action into one arising under federal law and/or otherwise confer jurisdiction on the Court. Accordingly, the Court overrules Plaintiff's Objections. This case should be remanded to the court from which it was removed—the Texas Supreme Court.

## CONCLUSION

Having considered Plaintiff's request for rehearing (Dkt. #38, Dkt. #41) and each of Plaintiff's objections (Dkt. #43), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #40) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that each of Defendant Emily Lane Owners Association's Motion to Remand (Dkt. #13) and Defendants Jackson Potter and Envision Realty Group, LLC's Motion to Remand (Dkt. #17) are **GRANTED** and Plaintiff's case is **REMANDED** to the Texas Supreme Court.

All relief not previously granted is **DENIED** (including specifically relief sought by and through Dkt. #4; Dkt. #9; Dkt. #18; Dkt. #20, Dkt. #32, and Dkt. #46). The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
 **SIGNED this 27th day of April, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE